Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya (SBN 278521)
sweerasuriya@attorneysforconsumers.com
Adrian R. Bacon (SBN 280332)
abacon@attorneysforconsumers.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228

***Attorneys for Plaintiff***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LUSTIG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>    vs.<br><br>BAYVIEW LOAN SERVICING, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>COMPLAINT FOR:<br>1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §§1693 ET SEQ.],<br>2. FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. §§1692, ET SEQ.], AND<br>3. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE §§1788, ET SEQ.]<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff JASON LUSTIG ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following against Defendant BAYVIEW LOAN SERVICING, LLC ("Defendant" or "Bayview") upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff's Complaint is brought pursuant to the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693 et seq., the Fair Debt Collection Practices Act ("FDPA"), 15 U.S.C. §1692, et seq. and the Rosenthal Fair Debt Collection Practices Act ("RFCPA"), *Cal. Civ. Code* §§1788, et seq.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Further, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive

acts or practices.[1]

3. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiffs' and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION & VENUE

4. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq* and the FDCPA, both of which arise under federal law. The Court has jurisdiction over the RFDCPA claims under 28 U.S.C. §1367(a), because it forms part of the same case and controversy as Plaintiff's other claims.

5. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District. Plaintiff is a resident of California, and Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Orange County, California. He is also a consumer" as defined by 15 U.S.C. § 1692a(3), and "debtor" as defined by

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

*Cal. Civ. Code* §1788.2(h).

7. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by *Cal Civ. Code* §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, *Cal Civ. Code* §1788.2(c). Defendant is a home loan servicer.

## FACTUAL ALLEGATIONS

8. Within a year preceding the filing of this lawsuit, Defendant contacted Plaintiff and communicated with him regarding the collection of an alleged outstanding debt.

9. In or around January 2015, Plaintiff's home mortgage loan was transferred to Bayview for servicing. The transfer was effective January 28, 2015.

10. Per the terms of the underlying mortgage loan, payments are due on the first of each month. Plaintiff attempted to timely make his February loan payment to Bayview, but Bayview would not accept payment.

11. On February 18, 2015, Bayview sent Plaintiff two letters threatening foreclosure. Receipt of these letters caused Plaintiff great worry and distress, because he was trying to make his mortgage payment to Bayview, but they were unwilling or unable to accept the payment, and instead, threatened him with foreclosure.

12. Defendant's February 18, 2015 collection notice failed to provide Plaintiff the disclosures required under Section 1692g(a) of the FDCPA and under Civ. Code § 1812.700 of the RFDCPA. Said communication did not identify the original creditor of the debt that Defendant was attempting to collect on, the amount of the debt, or statements regarding Plaintiff's rights to, and upon,

disputing and requesting validation of the debt.

13. To date, Defendant has not sent Plaintiff any such correspondence. Plaintiff alleges, on information and belief, that it is Defendant's standard policy and practice to fail to send such disclosures to similarly situated consumers.

14. Upon receiving Defendant's foreclosure letters, Plaintiff contacted Bayview by telephone to make his February payment. Plaintiff verbally provided his bank account information to the Bayview representative.

15. Thereafter Defendant began automatically debiting Plaintiff's monthly payment from his bank account, without his written permission.

16. Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

17. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments.

18. Because of the foregoing, Plaintiff has lost the monies that were withdrawn without authority.

19. Plaintiff alleges, on information and belief, that it is Defendant's standard policy and practice to set up auto pay without first obtaining written or electronic writing memorializing or authorizing the recurring or automatic payments, from similarly situated consumers.

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed classes (hereafter "Classes") defined as follows:

   a. **EFTA Class:** All persons in the United States whose bank accounts were debited by Defendant without Defendant obtaining a written authorization signed or

similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint;

**b. FDCPA Class:** All persons in the United States, who received a written collection communication from Defendant within one year prior to the filing of this Complaint regarding a consumer debt wherein said communication failed to provide the disclosures required by 15 U.S.C. §1692g(a) and where no communication containing said disclosures were provided within five days of the initial communication with said persons; and

**c. RFDCPA Class:** All persons residing in California who received a written collection communication from Defendant within one year prior to the filing of this Complaint regarding a consumer debt wherein said communication failed to provide the disclosures required by 15 U.S.C. §1692g(a) and/or Civ. Code § 1812.700 and where no communication containing said disclosures were provided within five days of the initial communication with said persons.

21. Plaintiff represents and is a member of all three classes defined above.

22. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in the Classes, but believes each of the Classes size is in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

23. The Classes are so numerous that the individual joinder of all members is

impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

24. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

25. There are questions of law and fact common to the Classes affecting the parties to be represented.  The questions of law and fact to the Classes predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

   a. Whether the members of the EFTA Class were provided with, written agreements memorializing the automatic or recurring electronic payments.

   b. Whether the members of the EFTA Class provided either a written ("wet") or otherwise electronic signatures authorizing the automatic or recurring electronic payments.

   c. Whether members of the FDCPA Class received correspondence that complies with Section 1692g(a), within five days of Defendant's initial communication therewith.

   d. Whether members of the RFDCPA Class received correspondence that complies with Section 1692g(a) and/or Civ. Code § 1812.700, within five days of Defendant's initial communication therewith.

26. As a person whose bank accounts were debited on a reoccurring basis by Defendant without Defendant obtaining a written authorization signed or

-7-
**CLASS ACTION COMPLAINT**

similarly authenticated for preauthorized electronic fund transfers, and as a debtor who received collection communications that do not comply with the FDCPA or RFDCPA, Plaintiff is asserting claims that are typical of The Classes.

27. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

28. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

29. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

31. Defendant failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

32. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

33. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

34. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

35. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

36. In multiple instances, Defendant debited bank accounts of the Class members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section

205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

37. In multiple instances, Defendant debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

38. Defendant also mailed collection communications to debtors and consumers without providing the disclosures required under §1692g(a) of the FDCPA, or Civ. Code § 1812.700 of the RFDCPA.

39. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds, if not thousands, of individuals and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

40. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

41. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

42. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

43. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all

questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

44. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## FIRST CAUSE OF ACTION

**Violations of the Electronic Funds Transfer Act (15 U.S.C. §1693 et seq.)**

**(On Behalf of Plaintiff and the EFTA Class)**

45. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

46. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

47. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

48. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

49. In multiple instances, Defendant has debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiffs' and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

50. In multiple instances, Defendant has debited Plaintiffs' and also the EFTA Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the EFTA Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

SECOND CAUSE OF ACTION

**Violation of the Fair Debt Collection Practices Act**

**(On Behalf of Plaintiff and the FDCPA Class)**

51. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

52. Under Section 1692g(a) of the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing: 1) the amount of the debt; 2) the name of the creditor to whom the debt is owed; 3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; 4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is

-12-

**CLASS ACTION COMPLAINT**

disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and 5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §1692g(a). To date, despite communicating with Plaintiff and members of Class Two and Three numerously, Defendant has yet to send them the notice required under Section 1692g(a).

53. As a direct proximate result of Defendant's conduct, Plaintiff and members of the FDCPA Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

<u>THIRD CAUSE OF ACTION</u>

**Violation of the  Rosenthal Fair Debt Collection Practices Act**

**(On Behalf of Plaintiff and the RFDCPA Class)**

54. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

55. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that

person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17

56. Thus by engaging in conduct prohibited by Section 1692g(a) of the FDCPA, Defendant violated the RFDCPA.

57. Further, pursuant to §1812.700 of the RFDCPA: "In addition to the requirements imposed by Article 2 (commencing with Section 1788.10) of Title 1.6C, third-party debt collectors subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.) shall provide a notice to debtors that shall include the following description of debtor rights.:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

*Cal. Civ. Code* §1812.700.

58. Defendant likewise failed to provide Plaintiff or RFDCPA Class members with the requisite notice cited herein, and in so doing, Defendant violated the RFDCPA.

59. As a direct proximate result of Defendant's conduct, Plaintiff and members of the RFDCPA Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## **Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representative of The Classes;

b. For statutory damages of $1,000.00 for Plaintiff and each member of The EFTA Class pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A).

c. For statutory damages of $1,000.00 for Plaintiff and each member of The FDCPA Class pursuant to 15 U.S.C. §1692k(a)(1).

d. For statutory damages of $1,000.00 for Plaintiff and each member of The RFDCPA Class pursuant to *Cal. Civ. Code* §1788.30.

e. For actual damages according to proof;

f. For reasonable attorneys' fees and costs of suit;

g. For prejudgment interest at the legal rate; and

h. For such further relief as this Court deems necessary, just, and proper.

Respectfully Submitted July 6th, 2015.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff

**CLASS ACTION COMPLAINT**